UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Naim Vijdani, | Case No.: 2:25-cv-02496-GMN-EJY |
| Petitioner. | **Order** |
| v. | |
| John Mattos, | |
| Respondent. | |

Petitioner Naim Vijdani, immigration detainee, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1-1. Vijdani, however, has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing a complete application for leave to proceed *in forma pauperis* (IFP).

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The Court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

Vijdani will have 45 days from the date of this order to either pay the $5 filing fee or submit a complete IFP application with all required documentation.

In addition, Vijdani has not named a respondent. Habeas petitions brought under section 2241 "shall…name the person who has custody over him." 28 U.S.C. § 2242. Therefore, the

"one proper respondent" in habeas petitions challenging continued immigration detention is "the warden of the facility where the Vijdani is being held, not the Attorney General or some other remote supervisory official." *Doe v. Garland*, 109 F.4th 1188, 1195 (9th Cir. 2024) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)).  Here, Vijdani fails to name any respondents. In this way, the Petition does not follow the requirements laid out by statute.  But notably, the *Doe v. Garland* petitioner was represented by multiple attorneys and civil rights organizations. *See* 109 F.4th at 1189.

Vijdani asks that he be appointed counsel.  The Court determines that appointment of counsel is warranted.  Generally, habeas petitioners not sentenced to death are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (*per curiam*)).  The Court may, however, appoint counsel if the interests of justice so require. *See* 18 U.S.C. § 3006A; *Chaney*, 801 F.2d at 1196.  Here, Petitioner is unrepresented and stands to lose his right to an adjudication of his Petition on the merits due to ignorance of technical procedural requirements.  In addition, this case concerns immigration proceedings and removal, thus the outcome of this litigation is likely to have serious consequences for Petitioner. The Court therefore finds that appointment of counsel is in the interests of justice and appoints counsel.

**IT IS HEREBY ORDERED** that the initial screening of the Petition for Writ of Habeas Corpus (ECF No. 1-1) under the Rules Governing Section 2254 Cases is deferred to until such time as he has fully complied with this order.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to send Petitioner a blank form IFP application for incarcerated litigants along with instructions, and a copy of this order.

**IT IS FURTHER ORDERED** that that within 45 days of the date of this order, Petitioner must file an IFP application that includes a: (a) financial certificate signed by Petitioner and an authorized prison official, (b) financial declaration and acknowledgement signed by Petitioner, and (c) copy of Petitioner's inmate account statement for the six-month period prior to filing. Alternatively, Petitioner must pay the $5 filing fee within 45 days of the date of this order. If Petitioner decides to pay the filing fee from his inmate account, he must arrange to have a copy of this order attached to the check for the filing fee.

**IT IS FURTHER ORDERED** that that Petitioner's failure to comply with this order within 45 days by either submitting a complete IFP application, or paying the filing fee will result in the dismissal of this action without prejudice and without further advance notice.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner. If the FPD is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. In either case, counsel will represent Petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to electronically serve upon the FPD a copy of this order, together with a copy of the Petition (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the FPD will have 14 days from the date of entry of this order to appear for Petitioner and file an amended petition for writ of habeas corpus which names the correct respondent, John Mattos, on his behalf.

**IT IS FURTHER ORDERED** that John Mattos shall not transfer Petitioner out of this District. *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction"). Given the exigent circumstances, the Court finds that this order is warranted to maintain the *status quo* pending resolution on the merits and finds that Petitioner has satisfied the factors governing the issuance of such preliminary relief.

**IT IS FURTHER KINDLY DIRECTED** that the Clerk of Court MAIL a copy of the Petition (ECF No. 1-1) and this Order to: John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060

DATED: December 19, 2025

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

4