**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NAIM VIJDANI,

                  Petitioner,

    vs.

JOHN MATTOS, *et al.*,

                  Respondents.

Case No.: 2:25-cv-02496-GMN-EJY

**ORDER TO SHOW CAUSE**

Pending before the Court is the Status Report and Request for Status Check, (ECF No. 29), filed by Petitioner Naim Vijdani. Further before the Court is the Status Report, (ECF No. 29), filed by Federal Respondents.

On February 27, 2026, the Court granted Petitioner's Amended Petition for Writ of Habeas Corpus. (*See* Order, ECF No. 23). In that Order, the Court ordered Respondents to release Petitioner from ICE custody within 48 hours. Significantly, it was Federal Respondents who requested that DHS be afforded "48 hours to effectuate Petitioner's release so that arrangements may be made for a safe and orderly daytime release." (Resp. 3:11–12, ECF No. 21). The Court also ordered the parties to file a Joint Status Report no later than March 4, 2026, to certify compliance with the Court's Order.

On March 3, 2026, Petitioner's counsel informed the Court that she had reason to believe that Respondents had not released Petitioner, in violation of this Court's February 27 Order. (*See* Request for Status Check, ECF No. 24). The Court subsequently entered a Minute Order, requiring Respondents to file a notice certifying Petitioner had been released from ICE custody or a brief providing the Court a justifiable basis for the delay by noon on March 5, 2026. (Minute Order, ECF No. 25). The Court further ordered that the parties appear for an in-person hearing on Thursday, March 5, 2026, if Respondents did not file a notice or brief. (*Id.*).

Later the same day, Federal Respondents filed a Status Report, representing that because Petitioner suffers from severe mental health issues, transporting him back to Las Vegas required "planning and availability of transportation" to ensure the safety of Petitioner, DHS/ICE officers, and the public.[1] (Status Report, ECF No. 26). Federal Respondents informed the Court that Petitioner "departed South Carolina and arrived in El Paso, Texas. He is scheduled to depart from El Paso, Texas to Phoenix, Arizona on March 7, 2026. He is expected to arrive in Las Vegas from Phoenix on March 8, 2026. Upon his arrival, he will be processed for release pursuant to the Court's order." (*Id.* 26:8–11).

The Court determined that the Federal Respondents provided a justifiable basis for the delay in Petitioner's release from ICE Custody. It therefore vacated the hearing and ordered the parties to file a Joint Status Report on March 9, 2026, to certify that Petitioner had arrived in Las Vegas safely and had been released from ICE custody.

Now Petitioner's counsel informs the Court that as of March 9—a day after Petitioner should have arrived in Las Vegas and been released from ICE custody—Petitioner is still in ICE custody, and is at the Stewart Detention Center in Lumpkin, Georgia. (*See* Request for Status Check, ECF No. 28). Federal Respondents filed a Status Report confirming that Petitioner is in Georgia and is still in ICE custody.[2] Petitioner was transported to Georgia due to the facility in El Paso being on "medical cohort." (Status Report 1:24). Federal Respondents represent that Petitioner will arrive in Phoenix on March 11 and will then be transported to Las Vegas. (*Id.* 1:27–28). Curiously, Federal Respondents do not inform the Court what date Petitioner will arrive in Las Vegas nor the date that he will be released from ICE custody.

---

[1] Federal Respondents were aware of Petitioner's diagnoses when they requested a 48-hour release deadline.

[2] Federal Respondents represent that the Status Report is filed "in compliance with the Court's Order." (Status Report, ECF No. 29). Federal Respondents are not in compliance with the Court's Order because the Court ordered that the parties file a Joint Status Report certifying that Petitioner has arrived in Las Vegas safely and has been released from ICE custody. No such certification was made because Petitioner has not arrived in Las Vegas and is still in ICE custody.

Federal Respondents have now failed to comply with two Court Orders. They have not once moved the Court to modify its release Orders to request additional time given the logistical challenges they are facing. They have not kept Petitioner's counsel informed on their progress until the eve of a status report deadline and only after Petitioner's counsel requests relief from the Court. Petitioner has now remained in custody four times longer than the Court ordered based on Federal Respondents own proposal, and Federal Respondents have not provided the Court with a date by which Petitioner will be released in Las Vegas.

Accordingly,

**IT IS HEREBY ORDERED** that:

1. Counsel must appear in-person for a hearing on Monday, March 16, 2026, at 2:00 PM in LV Courtroom 7D before Judge Gloria M. Navarro.[3]

2. At the hearing, Federal Respondents are ordered to show cause why they should not be found in contempt of court for failure to comply with the Court's Orders.

3. If, before the hearing, the parties file a Joint Status Report indicating that Petitioner has arrived safely in Las Vegas and has been released from ICE custody, the Court will vacate the hearing.

Dated this __10__ day of March, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[3] Counsel that must appear are counsel for the Federal Respondents and Petitioner's counsel. Counsel for Mattos need not appear.